# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

KAREN VANESSA BERMUDEZ HERNANDEZ,

Petitioner,

v.

TIM ROBBINS, *et al.*,

Respondents.

Case No.  2:26-cv-04265-RAO

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

On April 24, 2026, Petitioner Karen Vanessa Bermudez Hernandez ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Todd Blanche, Acting U.S. Attorney General; Tim Robbins, Field Office Director of Enforcement and Removal Operations, Los Angeles, U.S. Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary, U.S. Department of Homeland Security; Executive Office for Immigration Review; U.S. Department of Homeland Security; and Warden, Adelanto ICE Detention Center (collectively, "Respondents"). *See* Dkt. No. 2 ("Pet.").

///

Petitioner voluntarily consented to proceed before a magistrate judge and the time for the government to withdraw consent under General Order 26-05 passed, therefore, the case is proceeding before the undersigned magistrate judge for all purposes including final disposition. *See* Dkt. Nos. 3, 9.

The Petition states that Petitioner is a non-citizen currently detained in Adelanto ICE Detention Facility in Adelanto, California. *See* Pet. ¶ 49. However, the publicly available ICE records reflect that the Petitioner is currently detained by ICE at the Adelanto ICE Processing Center within this District.

Petitioner has resided in the United States since 2024, and she explains that the government "released [her] upon her arrival and her positive credible fear determination." *Id.* ¶¶ 48–49. The government detained Petitioner on December 4, 2025, at a scheduled interview with ICE officers. *Id.* ¶ 49.

Petitioner requested a bond hearing, and on March 18, 2026, the immigration court determined that Petitioner is not eligible for bond because the immigration judge lacks jurisdiction, relying on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id.* ¶ 56; Pet. Ex. 2.

Petitioner contends that she is not a flight risk and does not have any criminal history. Pet. ¶¶ 51, 53–54. Petitioner has established ties to the community, filed a pending defensive I-589 application for asylum, cooperated with her immigration proceedings, and is "committed to having her case fully adjudicated." *Id.* ¶¶ 51–53.

Petitioner alleges that her continued detention violates the Immigration and Nationality Act ("INA") (Count One); and the Fifth Amendment's Due Process Clause (Count Two). *Id.* ¶¶ 58–64. The Petition seeks relief in the form of, *inter alia*, Petitioner's release or, alternatively, an order directing Respondents to provide Petitioner with a bond hearing within seven days. *Id*. at 14.

Respondents filed their response on May 4, 2026 ("Answer"). Dkt. No. 8. The Answer states that Petitioner appears to be an eligible member of the Bond Eligible

Class certified in *Maldonado Bautista*, and accordingly, entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* at 2.[1]  Respondents request that if a bond hearing is ordered, the timing of the hearing be consistent with what courts in this district have generally ordered, which is to require a Section 1226(a) bond hearing be held within seven days. *Id.*

Petitioner filed her Reply to Respondents' Answer on May 7, 2026 ("Reply"). Dkt. No. 10.  In her Reply, Petitioner states that Respondents' position to limit the remedy to a bond hearing within seven days, rather than immediate release, cannot be sustained because a bond hearing is not an adequate remedy. *Id.* at 3–4.  Petitioner further argues that a second bond hearing would be "wasteful of judicial resources" because the Petitioner's prior bond hearing was denied for lack of jurisdiction. *Id.* at 4.

In similar circumstances, courts in this District have limited relief to ordering the petitioner's release if she is not afforded a timely bond hearing. *See Hernandez v. Semaia*, No. CV 26-1295-JFW (KS), 2026 WL 928628, *3 (C.D. Cal. 2026) ("In light of Respondent's acknowledgment that Petitioner appears to be a member of the *Bautista* class and appears to be subject to the *Bautista* judgment, ... Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order."); *Rathi v. Warden of Desert View Annex Det. Facility*, No. CV 26-1174-WLH (AYP), 2026 WL 795298, *1 (C.D. Cal. 2026) ("Respondents do not contest Petitioner's membership in the Bond Eligible

---

[1] On March 31, 2026, the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows: (1) the *Bautista* court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as the they extend beyond the Central District of California; and (2) the district court's February 18, 2026 post-judgment order vacating *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) is stayed pending appeal. *See Maldonado Bautista, et al. v. United States Dep't of Homeland Sec., et al.*, No. 26-1044, Dkt. No. 17 (9th Cir. Mar. 6, 2026).  As Respondents correctly note, the *Bautista* court's December 18, 2025 judgment remains in place as to the Central District of California. *Id.*; Ans. at 2.

Class in *Bautista v. Santacruz*. Consistent with the Final Judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing." (citation omitted)); *Devi v. Semaia*, No. CV 26-898-DMG (AS), 2026 WL 712043, *1 (C.D. Cal. 2026) (similar).   Courts have previously issued orders directing bond hearings, and respondents in turn complied with those orders; accordingly, the Court has no reason to believe its orders will not continue to be followed and thus declines to order immediate release.   Therefore, consistent with the practice in this District, the Court will order Petitioner's release if she is not afforded a timely bond hearing. *See, e.g., Quinonez Herrera v. Mullin*, No. CV 26-1561-CAS (DMK), 2026 WL 915184, *2 (C.D. Cal. 2026) ("[C]onsistent with what courts in this district have generally ordered in similar cases, the Court orders Respondents to provide Petitioner with [an individualized bond] hearing within seven (7) days.").

In light of Respondents' acknowledgement that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a), IT IS ORDERED that:

(1)  The Petition is GRANTED in part as to Count One claiming a violation of the INA;

(2)  Respondents are enjoined from continuing to detain Petitioner unless she is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order;

(3)  Respondents are directed to file a status report within 10 days of this Order substantiating compliance with the Court's Order; and

(4)  Within 30 days of entry of final judgment in this action, the Court will consider an application from Petitioner for reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

DATED:  May 8, 2026

/s/
_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

4